**Robert LEVINE, Plaintiff**

v.

**Deborah CLEMENT, Individually, and in her capacity as an Officer In the Holyoke Police Department, Defendant**

**No. CIV.A. 03–30206–KPN.**

United States District Court,
D. Massachusetts.

.

Sept. 1, 2004.

**2**

Karen Betourney, City of Holyoke Law Department, Holyoke, for Deborah Clement, Defendant.

Charles P. Lavelle, Holyoke Law Dept., Holyoke, for Deborah Clement, Defendant.

Terry S. Nagel, Law Office of Terry Scott Nagel, Springfield, for Robert Levine, Plaintiff.

*MEMORANDUM AND ORDER WITH REGARD TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (Document No. 16)*

NEIMAN, United States Magistrate Judge.

Pursuant to Fed R. Civ. P. 56(c), Robert Levine ("Plaintiff") has filed a motion for partial summary judgment in this civil rights action brought against Officer Deborah Clement of the Holyoke Police Department ("Defendant"). Plaintiff's motion is partial in two respects. First, his motion targets only three of the four counts contained in the complaint: Count I, alleging a violation of his First Amendment right to freedom of speech; Count II, alleging a violation of his Fourth Amendment right to be free from unreasonable seizure of his person; and Count III, alleging false imprisonment.[1] Second, Plaintiff seeks a declaratory judgment establishing liability only with regard to his First and Fourth Amendment rights, putting off the determination of damages for trial.

For the following reasons, Plaintiff's motion will be allowed in part. A declaratory judgment will be entered establishing Defendant's liability with respect to Plaintiff's civil rights claims, Counts I and II, both of which arise pursuant to 42 U.S.C. § 1983. Plaintiff's motion with regard to Count III, false imprisonment, will be denied.

## I. BACKGROUND

The following facts are taken verbatim from Plaintiff's statement of undisputed facts:

On March 23, 2003, the City of Holyoke held it's [sic] annual St. Patrick's day parade. The parade was large, and attended by large numbers of members of the public. It took more than two hours to pass the reviewing stand. The parade included marching units, marching bands, fire trucks with sirens activated, and cheering spectators. [Plaintiff] attended the parade with his adult son, ... watching the parade from the intersection of High and Dwight Streets.

At some point during the parade, a Westfield marching unit passed the intersection of High and Dwight, carrying a Canadian flag as part of its display. As the Westfield marching unit passed the intersection of High and Dwight, [Plaintiff] shouted a question, asking why there was a Canadian flag being carried in the parade, and stating, among other things, that they "don't support us." [Plaintiff]'s comment was intended as a comment on the lack of Canadian support for U.S. military action in Iraq, and was so understood by

---

1. The fourth count, alleging malicious prosecution, is not addressed in the context of Plaintiff's motion.

his son, and by [Defendant] who overheard the comment from a few feet away. [Defendant] told [Plaintiff] that he had a right to his opinion, but could not express it at that time, and in that place, and in the manner in which he was expressing it. [Plaintiff] disputed with [Defendant] whether his expression of opinion, and the manner in which he was expressing it, was impermissible.

[Defendant] left the immediate area of the intersection, and reported to Officer Jane Deshais, a half a block away, that [Plaintiff] was loudly expressing his ideas about the war. When both officers returned to the intersection, [Plaintiff] was again asked to stop expressing his opinion at that time and place, in the manner in which he was expressing it. [Plaintiff] refused to comply with this request that he cease expressing his opinion in the manner he was expressing it, and [Defendant] decided on her own, without further discussion with Officer Deshais, to arrest [Plaintiff] for Disorderly Conduct. [Defendant] arrested [Plaintiff] for Disorderly Conduct [pursuant to Mass. Gen. L. ch. 272, § 53]. He was handcuffed in the crowd, and transported by police car to the Holyoke Police Station, booked, and held in the lockup of a period of time until he could be bailed out. He offered no physical resistance after he was informed he was under arrest.

[Defendant] based her decision that there was probable cause to arrest for disorderly conduct on "obscenities"[2] contained in [Plaintiff]'s statements about the Canadian flag; the fact that some "people" stopped looking at the

parade and looked at [Plaintiff], asking him to be quiet; and that she had given him "numerous chances" to stop disrupting the crowd. [Defendant] filed a report of the incident. She also filed an application for a criminal complaint for disorderly conduct. [Plaintiff] appeared in Holyoke District Court for arraignment, on or about May 19, 2003, and the charge of Disorderly Conduct was dismissed on the motion of defense counsel. At all times material to this lawsuit, [Defendant] was a police officer, employed by the City of Holyoke, in the County of Hampden, Massachusetts, and acting under color of law.

(Document 16, Exhibit A, ¶¶ 1–19 (internal citations omitted).)

Defendant does not dispute the accuracy of any facts presented by Plaintiff. She has, however, presented two additional facts which the court will consider in a light most favorable to her: (1) that Plaintiff used the words "fuck" and "fucking," see n. 2, and (2) that Plaintiff challenged her to arrest him, that is, he stated that Defendant should place him under arrest if she did not like his opinion.

## II. SUMMARY JUDGMENT STANDARD

A court may grant summary judgment pursuant to Fed.R.Civ.P. 56(c) if "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Although it is less common, a plaintiff may move for summary judgment, so long as he asserts that no genuine issue of material fact exists. Once the moving party establishes the absence of any genuine issue of materi-

---

2. Defendant testified at her deposition that Plaintiff made reference to the "fucking Canadian flag," and stated that he could say "whatever the fuck" he wanted to. Defendant also testified that Plaintiff used no other obscenities. Officer Deshais, who was pres-

ent at the arrest and standing beside Defendant, recalls hearing no obscenities. Plaintiff and his son deny that he used the words in question even once, but Plaintiff does not dispute these added facts for purposes of his motion.

al fact, the burden is on the opposing party to point to specific facts demonstrating that there is, indeed, a trialworthy issue. *National Amusements, Inc. v. Town of Dedham,* 43 F.3d 731, 735 (1st Cir.1995). At bottom, matters of law are for the court to decide at summary judgment. *Blackie v. Maine,* 75 F.3d 716, 721 (1st Cir.1996).

### III. DISCUSSION

Partial summary judgment is appropriate in this case. Plaintiff has established that there are no issues of material fact regarding the two elements of his section 1983 claims, namely, that Defendant deprived him of rights secured by the Constitution and that such deprivation occurred under color of law. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Further, Defendant herself admits that her actions with regard to Plaintiff were carried out under "color of law," that is, under the authority of the Holyoke Police Department. (See Answer ¶ 4.) Based on the facts viewed most favorably to Defendant, the court finds that Defendant indeed violated Plaintiff's First and Fourth Amendment rights and that the defense of qualified immunity is unavailable.

### A. *Fourth Amendment*

█ The Fourth Amendment protects citizens from arrests that are not based on probable cause. *See* U.S. Const. amend. IV. As will be described, it is clear that Plaintiff's arrest for violating the disorderly conduct statute, Mass. Gen. L. ch. 272, § 53, was not grounded in probable cause and, therefore, violated Plaintiff's Fourth Amendment rights. Defendant conceded as much during oral argument, contending

only that she is entitled to qualified immunity.

[2] Defendant's concession is entirely appropriate. In 1967, the Massachusetts Supreme Judicial Court ("SJC"), recognizing the facial unconstitutionality of Mass. Gen. L. ch. 272, § 53, preserved the statute through judicial construction by incorporating therein the Model Penal Code's definition of disorderly conduct. *See Alegata v. Commonwealth,* 353 Mass. 287, 231 N.E.2d 201, 211 (1967). As described in *Alegata,* the Model Penal Code states as follows:

A person is guilty of disorderly conduct if, with purpose to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:

    (a) engages in fighting or threatening, or in violent or tumultuous behavior; or

    (b) makes unreasonable noise or offensively coarse utterance, gesture or display, or addresses abusive language to any person present; or

    (c) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor.

*Id.* Due to constitutional limitations on subsections (b) and (c),[3] and no allegation of "fighting," "threatening" or "violent" behavior in the instant case, Plaintiff's language must be evaluated in the context of the portion of subsection (a) describing "tumultuous behavior." Because "neither a provocative nor a foul mouth transgresses the statute," one may be arrested for tumultuous behavior only when "the conduct ... disturb[s] through acts other than

---

**3.** Nearly three decades ago, the SJC struck down subsection (b) as unconstitutionally overbroad and held that subsections (a) and (c) must only be construed as covering conduct, not activities involving the "lawful exercise of a First Amendment right." *See Commonwealth v. A Juvenile,* 368 Mass. 580, 334 N.E.2d 617, 628 (1975).

speech." *Commonwealth v. LePore*, 40 Mass.App.Ct. 543, 666 N.E.2d 152, 155 (1996). No disruptive acts have been alleged here. Thus, unless Defendant is qualifiedly immune, see *infra*, Plaintiff's motion must be allowed with respect to Count II.

### B. *First Amendment*

▉ Defendant also conceded at oral argument that she violated Plaintiff's First Amendment right to freedom of speech, again arguing only that she is entitled to qualified immunity. As with Plaintiff's Fourth Amendment claim, the court deems Defendant's First Amendment concession warranted.

▉ "[T]he First Amendment means that government has no power to restrict expression because of its message, its ideas, its subject matter, or its content." *Police Dep't of Chicago v. Mosley*, 408 U.S. 92, 95, 92 S.Ct. 2286, 33 L.Ed.2d 212 (1972). The Supreme Court has established a high level of protection for "the expression of a desire for political change." *Meyer v. Grant*, 486 U.S. 414, 421, 108 S.Ct. 1886, 100 L.Ed.2d 425 (1988). Thus, even though the government can restrict the time, place and manner an idea is expressed, "such regulation is particularly circumscribed when the speech occurs in a place where public speech is usually allowed," *Musso v. Hourigan*, 836 F.2d 736, 742 (2d Cir.1988) (citing *Board of Airport Comm'rs v. Jews for Jesus, Inc.*, 482 U.S. 569, 572, 107 S.Ct. 2568, 96 L.Ed.2d 500 (1987)), for example, at an open school board meeting, *see id.* As Magistrate Judge Robert B. Collings recently observed in a matter relevant to the case at hand, individuals protesting the Iraq war at the 2003 South Boston Saint Patrick's Day Parade "would have been well within their First Amendment rights" if they "had gathered at a specified point along the Parade route and voiced their opinions peacefully." *South Boston Allied War Veterans Council v. City of Boston*, 297 F.Supp.2d 388, 395 (D.Mass.2003).

To be sure, as Plaintiff acknowledges, his speech—although political and expressed along a parade route—may nonetheless be prosecuted as disorderly conduct under Mass. Gen. L. ch. 272, § 53, if it is properly classified as "fighting words." *See generally Cohen v. California*, 403 U.S. 15, 91 S.Ct. 1780, 29 L.Ed.2d 284 (1971). Defendant concedes, however, that Plaintiff's language did not fall into this category. Moreover, thorough research provided by Plaintiff's counsel illustrates that the classification of language as "fighting words" is limited to "those which by their very utterance inflict injury or tend to incite an immediate breach of the peace." *Chaplinsky v. New Hampshire*, 315 U.S. 568, 572, 62 S.Ct. 766, 86 L.Ed. 1031 (1942). *See also A Juvenile*, 334 N.E.2d at 624–25 (citing cases). Here, however, as in *Cohen*, the simple use of obscenities did not transform Plaintiff's "offensive" speech into fighting words. Accordingly, unless qualified immunity applies, Plaintiff's motion must be allowed with respect to Count I.

### C. *Qualified Immunity*

Of all the issues raised by Plaintiff in his motion for partial summary judgment, qualified immunity is the only one Defendant addresses. Indeed, among her many concessions, Defendant acknowledged at oral argument that a finding of liability would result if the qualified immunity defense was unavailable. She also conceded that the qualified immunity issue is ripe and that no additional materials were needed to make such a determination. Defendant simply maintained that she is qualifiedly immune from suit.

■ Defendant's assertion to the contrary, the court concludes that qualified immunity does not apply. To determine whether qualified immunity is available to a particular defendant at a particular time requires a three part inquiry. *See Hatch v. Dep't for Children, Youth & Their Families,* 274 F.3d 12, 20 (1st Cir.2001). First, it must be established that the plaintiff has alleged the violation of a constitutional right. *Id.* In this case, as indicated, it is undisputed that Plaintiff is alleging the violation of his First and Fourth Amendment rights. Second, it must be established that the contours of the right alleged were sufficiently established at the time of the alleged violation. *Id.* Defendant has conceded this point as well. As summarized earlier, debate regarding what constitutes disorderly conduct under Mass. Gen. L. ch. 272, § 53, as opposed to constitutionally protected behavior, has been ongoing since 1967 when the SJC itself admitted that § 53 was facially unconstitutional. *See Alegata,* 231 N.E.2d at 211.

Finally, for qualified immunity to be an applicable defense, the court must determine that an objectively reasonable official would have believed that the action taken or omitted violated that right. *Hatch,* 274 F.3d at 20. Although Defendant attempts to argue this point, the court concludes that, given the facts of this case, an objectively reasonable official would have realized there was no probable cause to arrest Plaintiff. To be sure, Defendant implies that an ambiguity exists between a so-called "actual probable cause" standard and an "arguable probable cause" standard. However, none of the cases she cites in this regard, all of which are from outside this circuit, concern an official acting under circumstances anywhere similar to the case at bar. Accordingly, Defendant has not proven that she is protected by qualified immunity.

### IV. CONCLUSION

For the reasons stated, the court hereby ALLOWS Plaintiff's motion for partial summary judgment as follows: a declaratory judgment will enter reflecting the violation of Plaintiff's First and Fourth Amendment rights, thereby establishing Defendant's liability as to Counts I and II. In all other respects, Plaintiff's motion for summary judgment will be DENIED. Specifically, Plaintiff has not sufficiently argued, let alone demonstrated for summary judgment purposes, that Defendant's violation of his Fourth Amendment rights equates to a false imprisonment under Massachusetts law.

IT IS SO ORDERED.